# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| LAMUEL S. FLOWERS, | Case No. 2:22-cv-2196 |
| Plaintiff, | |
| vs. | District Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Karen L. Litkovitz |
| LISA BARCUS, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Belmont Correctional Institution, filed a motion for leave to proceed *in forma pauperis,* in connection with a prisoner civil rights action under 42 U.S.C. § 1983 in this Court. (Doc. 1). However, the motion was incomplete.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, plaintiff provided the Court with a certified trust fund account statement but failed to provide the Court with an application or affidavit to proceed without prepayment of fees.

On May 19, 2022, the Court ordered plaintiff to pay $402 ($350 filing fee plus $52 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form within thirty days of the date of the Order. (Doc. 2).

Plaintiff was advised that if he failed to comply with the May 19, 2022 Order the Court would dismiss the action for want of prosecution." (Doc. 2, at PageID 34).

To date, more than thirty days after the Court's May 19, 2022 Order, plaintiff has failed to comply with the Court's Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's May 19, 2022 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

July 13, 2022

KAREN L. LITKOVITZ
United States Magistrate Judge